DANIEL FURMAN et al., appellants,

*v.*

THE ADMINISTRATOR OF EPHRAIM S. FURMAN, deceased, respondent.

1. An order made by the orphans court, directing the sale of land for the payment of the debts of a decedent, to be valid, must specify the sum which the court has adjudged to be necessary to be raised by a sale of land.

2. The statute of 1885 (*Rev. Sup. p. 781 § 24*), giving the Ordinary power to direct amendments to be made, applies only to cases and proceedings in which he exercises original jurisdiction, and not to cases on appeal.

On appeal from an order of the orphans court of the county of Mercer.

*Mr. William M. Lanning* and *Mr. Hugh H. Hamill,* for the appellants.

*Mr. George O. Vanderbilt,* for the respondent.

THE VICE-ORDINARY.

The appeal in this case brings up for review an order made by the orphans court of Mercer county, on the 10th day of August, 1888, directing the administrator of Ephraim S. Furman, deceased, to sell land for the payment of his intestate's debts. On the argument many faults were attributed to the order under review, but, in deciding whether the order is valid or not, it will not be necessary to examine more than one of them.

The order in question does not show, on its face, that the orphans court ascertained the sum which it would be necessary to raise by a sale of the intestate's land in order to pay his debts. The order, as it now stands, simply shows that the court found and adjudged that the personal estate of the intestate was not sufficient to pay his debts, but did not ascertain, nor specify in the order, the sum that it would be necessary to raise by a sale of his land in order that his debts might be paid. This omission, according to a judgment of the supreme court, which was subsequently adopted by the surrogate-general, renders the order fatally defective. In *Stiers* v. *Stiers, Spen. 52, 54,* the supreme court, speaking by Chief-Justice Hornblower, said, in substance, the order, in such a case, should specify the sum to be raised, for whether the whole or a part of the land is to be sold, must depend upon the amount necessary to be raised. This is necessary for the protection of the heir at law, for if the sum necessary for the payment of the debts should be raised by a sale of a part of

the land ordered to be sold, the administrator ought not to proceed any further. He ought not to sell the rest of the land described in the order of sale simply because it is embraced in the order. The object is to raise the deficiency (that is, what the personal estate is not sufficient to pay), and when that is done the sale ought to stop. The surrogate-general declared the law in the same way in *Bray* v. *Neill, 6 C. E. Gr. 343.* Since these judgments were pronounced that section of the statute, which gives the orphans court power to order land of a decedent to be sold for the payment of his debts, has been amended by the addition of these words : "And no more of the said lands, tenements, hereditaments and real estate shall be sold than may be necessary to pay the residue of the said debts, after the executor or administrator shall have applied the personal estate, or such part thereof as may have come to his hands, towards the payment thereof." *Rev. p. 767 § 72.* The incorporation of these words in the statute, has, in my judgment, made it absolutely essential to the validity of an order, of the kind now under review, that it should specify the sum which the court has ascertained and adjudged to be necessary to be raised by a sale of land, for in no other way can the court enforce the injunction of the statute, or extend to the heir at law the protection which it entitles him to.

By a statute enacted in 1885, the orphans court and ordinary are invested with power to order the amendment of proceedings pending before them. Stated in substance, the statute declares, that it shall be lawful for the orphans court and the ordinary, in order to prevent the failure of justice by reason of mistakes and objections of form, to amend all defects and errors in any proceeding before them, whether there is anything in writing to amend by or not, and to make all such amendments as may be necessary for the determination, in the existing suit or proceeding, of the real question in controversy between the parties. *Rev. Sup. p. 781 § 24.* The counsel of the respondent insists, that this court should, in virtue of the power conferred by this statute, make the ascertainment which the orphans court ought to have made, and then amend the order brought up, and after

it has thus been made perfect, pronounce a judgment of affirmance. To adopt this course, would, I think, be putting the statute to a use never contemplated by the legislature. The purpose of the statute is obvious. The same measure of power is given to the orphans court that is given to the ordinary. The statute was manifestly intended to make it lawful for the ordinary, in cases and proceedings where he exercises an original, as contradistinguished from an appellate, jurisdiction, to direct such amendments to be made as may be necessary to prevent a failure of justice, but the statute confers no power upon him as the judge of an appellate tribunal. His power, in that capacity, is now just what it was before the statute was passed.

The order appealed from must be reversed, with costs.